IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS<br>AT LLOYD'S OF LONDON AND<br>ARCH SPECIALTY INSURANCE CO.,<br><br>Plaintiffs,<br><br>v.<br><br>RALPH S. JANVEY, IN HIS<br>CAPACITY AS COURT APPOINTED<br>RECEIVER FOR STANFORD<br>INTERNATIONAL BANK, LTD., ET<br>AL.,<br><br>Defendant. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:09-CV-01736-N |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

The Receiver, Ralph S. Janvey, (the "Receiver") files this Original Answer and Counterclaim in response to the First Amended Complaint for Declaratory Judgment of Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Co. ("Underwriters"):

### ANSWER

### Responses to Plaintiff's Allegations

1. The Receiver admits that the Underwriters seek a declaratory judgment, but the Receiver denies the Underwriters are entitled to the relief requested in ¶ 1.

2. The Receiver admits that the Underwriters issued insurance polices to Stanford entities and refers to the language of the policies themselves for the content therein. The Receiver also admits that the Department of Justice ("DOJ") and Securities and Exchange Commission ("SEC") have alleged that Stanford entities and executives perpetrated a fraud on investors. The Receiver also admits that he has made similar allegations, including that Allen Stanford, James Davis, Laura Pendergest-Holt, Stanford International Bank, Ltd., Stanford

Group Company, and Stanford Capital Management, LLC (collectively, the "Stanford Defendants") operated a "fraud machine." The Receiver refers to the pleadings and other court papers of the DOJ, the SEC, and the Receiver for the precise allegations that each has made. The Receiver denies any remaining allegations in ¶ 2.

3. The Receiver denies that the cited coverage exclusions apply and denies that he is judicially estopped from denying the same; the Receiver therefore denies the allegations in ¶ 3.

4. The Receiver admits the allegations in ¶ 4.

5. The Receiver admits the allegations in ¶ 5.

6. In response to ¶ 6, the Receiver does not oppose proceeding with this civil action. The Receiver denies the remaining allegations in ¶ 6.

7. In response to ¶ 7, the Receiver does not oppose proceeding with this civil action.

8. On information and belief, the Receiver admits the allegations in ¶ 8.

9. On information and belief, the Receiver admits the allegations in ¶ 9.

10. On information and belief, the Receiver admits the allegations in ¶ 10.

11. The Receiver admits the allegations in ¶ 11.

12. The Receiver admits the allegations in ¶ 12.

13. The Receiver admits the allegations in ¶ 13.

14. The Receiver admits that the SEC took the actions and has made the allegations in ¶ 14.

15. The Receiver admits that the SEC has made the allegations in ¶ 15.

16. The Receiver admits that the SEC has made the allegations in ¶ 16.

17. The Receiver admits that the SEC has made the allegations in ¶ 17.

18. The Receiver admits the allegations in ¶ 18.

19. The Receiver admits the allegations in ¶ 19.

20. The Receiver admits that he has initiated several proceedings against various individuals to recover assets traceable to fraudulent conduct. The Receiver refers to his pleadings and other court papers for the precise allegations the Receiver has made. The Underwriters have failed to describe with particularity which proceedings they are referencing in connection with their allegation that "the Stanford Defendant's alleged fraud is the predicate for *each* of these lawsuits." Accordingly, the Receiver denies the remaining allegations in ¶ 20.

21. The Receiver admits the allegations in ¶ 21.

22. The Receiver admits that he filed an amended complaint against certain Stanford investors and that he claimed that investor funds were tainted by the Stanford Ponzi scheme. The Receiver refers to his pleadings and other court papers for the precise allegations and statements the Receiver has made. The Receiver denies any remaining allegations in ¶ 22.

23. The Receiver admits the allegations in ¶ 23.

24. The Receiver admits the allegations in ¶ 24.

25. The Receiver admits the allegations in ¶ 25.

26. The Receiver admits the allegations in ¶ 26.

27. The Receiver admits the allegations in ¶ 27.

28. The Receiver admits the allegations in ¶ 28.

29. The Receiver admits that he provided notice to the Underwriters of claims, however, the dates the Receiver provided notice were actually February 24, 2009; February 25, 2009; March 19, 2009; August 12, 2009; August 14, 2009; October 14, 2009; and March 16,

2010.  The Receiver further admits that he now seeks to have the Underwriters indemnify him and pay the legal expenses incurred defending the noticed claims.  The Receiver denies the remaining allegations in ¶ 29.

30. The Receiver admits that the Underwriters issued the Policy quoted in ¶ 30 and that these quotes are accurate; however, the Receiver denies that the quoted exclusions apply to the submitted claims.

31. The Receiver admits that the Underwriters issued the Policy quoted in ¶ 31 and that these quotes are accurate; however, the Receiver denies that the quoted exclusions apply to the submitted claims.

32. The Receiver admits that the Underwriters issued the Policy quoted in ¶ 32 and that these quotes are accurate; however, the Receiver denies that the quoted exclusions apply to the submitted claims.

33. In response to ¶ 33, the Receiver reiterates and incorporates by reference his answers in ¶¶ 1–32.

34. The Receiver admits the allegations in ¶ 34.

35. The Receiver admits the Underwriters are seeking the relief identified in ¶ 35 but denies that the Underwriters are entitled to such relief.

36. The Receiver admits the allegations in ¶ 36.

37. The Receiver admits the Underwriters are seeking the relief identified in ¶ 37 but denies that the Underwriters are entitled to such relief.

38. The Receiver denies the allegations in ¶ 38.

39. The Receiver admits the allegations in ¶ 39.

40. The Receiver admits the Underwriters are seeking the relief identified in ¶ 40 but denies that the Underwriters are entitled to such relief.

41. The Receiver denies the allegations in ¶ 41.

42. The Receiver admits the allegations in ¶ 42.

43. The Receiver admits the Underwriters are seeking the relief identified in ¶ 43 but denies that the Underwriters are entitled to such relief.

44. The Receiver denies the allegations in ¶ 44.

45. No answer is required for ¶ 45.

46. The Receiver admits the Underwriters are requesting the relief identified in the prayer but denies that the Underwriters are entitled to such relief.

### Affirmative and Other Defenses

1. By denying coverage on the bases asserted in the First Amended Complaint, the Underwriters have waived the right to deny, or are estopped from denying, coverage on any other ground, whether from the Policy or otherwise.

**WHEREFORE,** the Receiver prays that this Court render a judgment in his favor; dismiss the Underwriters' claims, with prejudice; award the Receiver all costs and expenses to which he may be entitled; and award the Receiver all legal, equitable, general, and other relief to which he may be entitled.

## COUNTERCLAIM

### Nature of the Claim

1. This is a counterclaim for relief based on the Underwriters' breach of the duty of good faith and fair dealing, as provided for under Texas Insurance Code Ch. 541 and Texas common law.

### Parties

2.      The counterclaimant is the Receiver, Ralph S. Janvey.  The Receiver's principal place of business is the Northern District of Texas.

3.      The Receiver names the Underwriters as counterclaim defendants.

### Jurisdiction

4.      This Court has jurisdiction over this counterclaim because it arises out of the transactions and occurrences that form the basis of the Underwriters' claims.  Additionally, this Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. section 1332, because the Receiver and the Underwriters are citizens of different states and the amount in controversy exceeds $75,000.

5.      Further, as the Court that appointed the Receiver, this Court has ancillary jurisdiction over any claim brought by the Receiver to execute his Receivership duties.

### Facts

6.      In a letter dated March 24, 2010, and in the First Amended Complaint, the Underwriters denied coverage of all claims submitted by the Receiver.

7.      The Underwriters' letter and First Amended Complaint fail to provide a reasonable basis for their conclusion that the asserted exclusions apply to each of the submitted claims.  Further, the letter and First Amended Complaint do not indicate that the Underwriters have conducted reasonable investigations on a claim-by-claim basis.

8.      The Receiver has incurred damages arising from the Underwriters' denial of coverage, including court costs and attorneys' fees related to defending the submitted claims.

### Claim

9. The Underwriters' denial of coverage without a reasonable basis is a knowing breach of their duty of good faith and fair dealing and constitutes an unfair or deceptive act or practice under Texas Insurance Code Ch. 541.

10. The Underwriters' failure to provide a reasonable basis for denying coverage of each of the submitted claims also constitutes a knowing breach of the duty of good faith and fair dealing under Texas common law.

11. The Receiver is entitled to actual and additional damages arising from the Underwriters' bad faith denial of his claims and reasonable attorneys' fees, expenses, and court costs.

### Jury Demand

12. The Receiver requests a jury trial for all issues in this action that may be tried to a jury.

### Remedies

WHEREFORE, the Receiver prays that this Court:

1. Render judgment in his favor and against the Underwriters on his claim, as follows:

   ### (Damages)

   a. Awarding the Receiver actual damages sustained as a result of the Underwriters' bad faith denial of coverage under the policies;

   ### (Penalties)

   b. Awarding the Receiver two times the amount of actual damages in addition to the actual damages awarded pursuant to Texas

      Insurance Code section 541.152(b) because the Underwriters acted knowingly;

### (Attorneys' Fees)

  c. Awarding the Receiver all reasonable attorneys' fees;

### (Expenses and Court Costs)

  d. Awarding the Receiver all reasonable expenses and court costs; and

2. Order all legal, equitable, general, and other relief to which Counter-Plaintiff may be entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.


By: /s/ Kevin M. Sadler
   Kevin M. Sadler
   Texas Bar No. 17512450
   kevin.sadler@bakerbotts.com
   Scott D. Powers
   Texas Bar No. 24027746
   scott.powers@bakerbotts.com
   98 San Jacinto Boulevard, Suite 1500
   Austin, TX  78701-4039
   512.322.2500
   512.322.2501 (Facsimile)

   Timothy W. Mountz
   Texas Bar No. 14604300
   t.mountz@bakerbotts.com
   2001 Ross Avenue
   Dallas, TX  75201
   214.953.6500
   214.953.6503 (Facsimile)

**ATTORNEYS FOR RECEIVER
RALPH S. JANVEY**

**CERTIFICATE OF SERVICE**

On April 30, 2010, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


   /s/ Kevin M. Sadler
   Kevin M. Sadler